# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br><br> *Deborah G. Batson v. Ethicon, Inc., et al.* <br> Case No.: 2:14-cv-06455 <br><br> *Donna Parks v. Ethicon, Inc, et al* <br> Case No. 2:14-cv-10221 <br><br> *Debra Westerfield v. Ethicon, Inc., et al.* <br> Case No. 2:14-cv-09748 | Master File No. 2:12-MD-02327 <br> MDL No. 2327 <br><br> JOSEPH R. GOODWIN <br> U.S. DISTRICT JUDGE |

## DEFENDANTS' MOTION TO COMPEL DR. DANIEL ELLIOTT TO PRODUCE COMPENSATION RECORDS

Pursuant to Fed. R. Civ. P. 37(a) and 45(d)(2)(B)(i), Defendants Ethicon, Inc. and Johnson & Johnson respectfully request that the Court compel Plaintiff's expert Daniel Elliott, M.D., to produce all of his invoices and payment documents related to his services rendered in generating a report or testifying as an expert witness in any pelvic mesh case during the past five years, including documents demonstrating the party on whose behalf Dr. Elliott acted, the name of the lawyer or law firm that retained Dr. Elliott, the rate charged, the total amount billed, and the amount of any payment made to Dr. Elliott (as redacted so as not to reveal attorney work product or privileged information). As grounds for this motion, Defendants submit as follows:

1.     On November 7 and 21, 2019, Ethicon served notices of deposition *duces tecum* for Dr. Elliott to appear for deposition, and requesting that Dr. Elliott bring with him certain documents. Ex. A-C.

2. By agreement of the parties, the depositions took place on November 30, 2019, and December 1, 2019.

3. Dr. Elliott did not bring with him documents relating to compensation he has received for cases in the pelvic mesh litigation in which he has been retained as an expert as requested in Request Nos. 2, 32, and 33 of the deposition notice. *See* Ex. D, *Batson* Dep. 14:10-24:3; Ex. E, *Parks* Dep. 17:14-19:2; Ex. F, *Westerfield* Dep. 12:12-13:5.

4. During a November 7, 2019, hearing concerning a virtually identical discovery dispute, this Court ordered the plaintiffs' experts to provide information that reveals the compensation that they have received in all pelvic mesh litigation over a five-year period. *See* Ex. G, Tr. of 11/7/19 Hearing in *Carbon* (No. 2:12-cv-04269), *Burris* (No. 2:14-cv-24320), and *Mallow* (No. 2:16-cv-08013).

5. That same day, adjudicating a virtually identical discovery dispute in *Ferrer* (No. 2:12-cv-04591), this Court found that "requiring Plaintiff's expert witness to collect and produce basic documentation reflecting the expert's income from acting as an expert witness in pelvic mesh cases is both reasonable and not unduly burdensome." Ex. H, Order, *Ferrer v. Ethicon, Inc.,* Case No. 2:12-cv-04591, Doc. 91 at 2 (S.D.W. Va. Nov. 7, 2019).

6. Specifically, the Court ruled as follows:

> Dr. Steven Berliner is hereby **ORDERED** to produce to Defendants within **thirty days** of the date of this Order all invoices and payment documents related to his services rendered in generating a report or testifying as an expert witness in any pelvic mesh case during the past five years. At a minimum, the documents should demonstrate the party on whose behalf Dr. Berliner acted, the name of the lawyer or law firm that retained Dr. Berliner, the rate charged, the total amount billed, and the amount of any payment made to Dr. Berliner. Dr. Berliner may redact other portions of the invoices, such as daily entries, that reveal attorney work product or privileged information. To the extent Dr. Berliner served as an expert witness in cases, but cannot locate invoices or payment information, he shall provide Defendants with a list of those cases, including the case style, the name of the law firm that retained him, and the dates of the expert services.

*Id.*

7. During Dr. Elliott's deposition in the *Batson* case, Ethicon drew Plaintiffs' counsel's attention to this Court's ruling during the November 7, 2019 hearing. Ex. D, *Batson* Dep. 15:10-20:3. Plaintiffs, nevertheless, have refused to coordinate for Dr. Elliott to provide the same basic information that this Court has required other Plaintiffs' experts to produce, as set forth above.

8. In fact, Plaintiff's counsel went further and advised Dr. Elliott not to even answer questions during his deposition about how much compensation he has received. *Id.* at 25:12-17; Ex. E, *Parks* Dep. 18:22-19:2.

9. There is no legitimate basis whatsoever for Plaintiff's counsel to suggest to Dr. Elliott that he not respond to such fundamental questions—particularly given the fact that Defendants drew this Court's ruling on this very issue to Plaintiff's attention. Plaintiff has cited no applicable privilege that protects such information, and no such privilege exists.

10. As this Court has recognized, an expert's compensation is very probative concerning his credibility as a witness. *See* Ex. H, *Ferrer* Order at 1 ("In the court's view, there is no legitimate argument that this type of information is irrelevant. To the contrary, many courts have agreed that an expert's financial gain from testifying in a particular type of case, or on behalf of a specific law firm or party, is relevant to credibility and is appropriate subject matter for impeachment.") (citations omitted).

Under these circumstances, Defendants respectfully request that the Court compel Dr. Elliott to produce the same compensation documents (as redacted) that the Court ordered be produced in *Ferrer* and the other cases referenced above.

Respectfully submitted,

*/s/ William M. Gage*
William M. Gage (MS Bar No. 8691)
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4561
william.gage@butlersnow.com

*/s/ Susan M. Robinson*
Susan M. Robinson (W. Va. Bar No. 5169)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 24338
(304) 414-1800
srobinson@tcspllc.com

*Counsel for Defendants Ethicon, Inc. and Johnson & Johnson*

## CERTIFICATE OF SERVICE

I certify that on this day, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ William M. Gage*
William M. Gage

50461540.v1