# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

| | |
|---|---|
| **IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** | Master File No. 2:12-MD-02327<br>MDL 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |
| **THIS DOCUMENT RELATES TO:**<br><br>*Debra Westerfield v. Ethicon, Inc., et. al.,*<br><br>*Case No. 2:14-cv-09748* | |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEPOSITION SUBPOENA TO DR. DANIEL ELLIOTT**

Pursuant to Federal Rules of Civil Procedure 26, 30, and 45, the following responses and objections are submitted to Defendants' Deposition Subpoena to Dr. Daniel Elliott and requested documents in Schedule A to the Notice of Deposition.

**I.    RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS**

**Request No. 1**: All Documents, including but not limited to calculations, correspondence, data, calendar entries, notes and other materials, reflecting the compensation to be paid to You for study and testimony in this case.

**Response to Request No. 1:**

Objection is made to this Request as it is unduly burdensome and duplicative. Subject to and without waiving the foregoing objections, Dr. Elliott will produce his billing invoices to date

1

in the Westerfield case which will reflect the amount of compensation he has received in this case.

**Request No. 2**:  All Documents, including but not limited to calculations, correspondence, data, calendar entries, notes and other materials, reflecting the compensation a) paid to You to date; and b) due to be paid to You once a bill is prepared for Your study and testimony, in connection with providing expert opinions in any pelvic mesh litigation in the last four years, in which You have been submitted a report and/or been disclosed as an expert witness for a plaintiff.

**Response to Request No. 2:**

Objection is made to this Request as it is cumulative, and harassing and unduly burdensome. Objection is further made because this Request seeks irrelevant information as Defendants have continuously taken the position that each pelvic mesh manufacturer and product is unique and distinctive. Therefore, work performed as an expert in cases involving one product would be irrelevant as it relates to another product. The Request is also duplicative as Defendants would already have the invoices for work Dr. Elliott performed in other Ethicon cases.

**Request No. 3**:  A copy of an up-to-date Curriculum Vitae.

**Response to Request No. 3:**

A current curriculum vitae was produced with Plaintiff's Rule 26 expert disclosures.

**Request No. 4**:  If not included in Your up-to-date Curriculum Vitae, a complete list of Your publications, including but not limited to treatises, articles, journals, editorials, texts, abstracts, CLE or CME materials, PowerPoints, and seminar materials.

**Response to Request No. 4:**

The requested list of publications were produced with Plaintiff's Rule 26 expert disclosures.

**Request No. 5**: A complete list of all other cases in which You have testified as an expert or by deposition in the last four years.

**Response to Request No. 5:**

Objection is made to this Request as harassing because the requested documents were produced with Plaintiff's Rule 26 expert disclosures and is harassing because Defendants know in which Ethicon cases Dr. Elliott has given testimony.

**Request No. 6**: Copies of all medical records on the Plaintiff in Your possession.

**Response to Request No. 6:**

A copy of the requested documents will be produced at the deposition of Dr. Elliott.

**Request No. 7**: Copies of any deposition testimony relating to this case in Your possession.

**Response to Request No. 7:**

Dr. Elliott has no documents responsive to this request.

**Request No. 8**: All Documents, including but not limited to graphics, testing, recordings, spreadsheets, databases, data in any other form, work papers, and notes, whether preliminary or final, prepared by or at Your direction reflecting facts, factual assessments or assumptions, beliefs, or medical information on the Plaintiff relating to Your opinions in this case.

**Response to Request No. 8:**

Objection is made to this Request as beyond the scope of allowable discovery. Objection is further made because this Request seeks documents protected from disclosure by the work

3

product doctrine. Subject to and without waiving the foregoing objections, Defendants have been provided with Dr. Elliott's report in this matter, and a list of all documents reviewed and relied upon in forming those opinions.

**Request No. 9**: All Documents, including but not limited to graphics, testing, recordings, spreadsheets, databases, data in any other form, work papers, and notes, whether preliminary or final, prepared by or at Your direction reflecting facts, factual assessments or assumptions, or beliefs relating to any other pelvic mesh cases involving the Prolift, TVT, and TVT-O products.

**Response to Request No. 9:**

Objection is made to this Request as it seeks irrelevant information and is unduly burdensome. The Request seeks information not only about cases other than the instant case, but it seeks information about products which weren't implanted in the Plaintiff in this case. Dr. Elliott is being deposed in his capacity as the specific causation expert in the Westerfield matter only making his specific causation opinions offered in some other case wholly irrelevant to the instant matter. Objection is further made to the extent this Request seeks documents protected from disclosure by the work product doctrine.

**Request No. 10**: All final reports prepared in connection with Your expected testimony in this case.

**Response to Request No. 10:**

A copy of Dr. Elliott's current final specific causation report was produced with Plaintiff's Rule 26 expert disclosures.

**Request No. 11**: All final reports prepared in connection with Your role as a testifying expert in any other pelvic mesh cases involving Prolift, TVT, TVT-O, and/or other pelvic mesh products.

**Response to Request No. 11:**

Objection is made because this Request seeks documents to which Defendants already have access and is harassing. Objection is made to this Request as it seeks irrelevant information and is unduly burdensome. The Request seeks information not only about cases other than the instant case, but it seeks information about products which weren't even implanted in the Plaintiff. Dr. Elliott is being deposed in his capacity as the specific causation expert in the Westerfield matter only. Therefore, any specific causation report offered in some other case wholly irrelevant to the instant matter. Objection is further made to the extent this Request seeks documents protected from disclosure by the work product doctrine. Subject to and without waiving the foregoing objections, Defendants already have been provided with Dr. Elliott specific causation report in this matter. Further, Defendants already possess all specific and general causation expert reports from Dr. Elliott relating to all Ethicon products and all Ethicon cases in which Dr. Elliott was designated as an expert.

**Request No. 12**:   All Documents, including reports, summaries of data, studies, or other Documentation, reflecting testing done by You relating to this case.

**Response to Request No. 12:**

Objection is made to this Request as it is vague, ambiguous and subject to varying interpretations. Objection is further made to the extent this Request seeks documents protected from disclosure by the work product doctrine. Subject to and without waiving the foregoing objections, Dr. Elliott has already produced all non-privileged documents responsive to this request. Dr. Elliott has not performed any "testing … relating to this case" but did conduct a medical examination of Plaintiff as reflected in his expert report submitted in this matter.

5

**Request No. 13**: All Documents, including reports, summaries of data, studies, or other Documentation, reflecting testing done by You relating to any other pelvic mesh case involving Prolift, Prolift+M, Prosima, TVT, TVT-O, and/or other pelvic mesh products.

**Response to Request No. 13:**

Objection is made because this Request is vague, ambiguous and subject to varying interpretations. Objection is further made to the extent this Request seeks irrelevant information and is unduly burdensome. The Request seeks information not only about cases other than the instant case, but it seeks information about products which weren't implanted in the Plaintiff in this case. Dr. Elliott is being deposed in his capacity as the specific causation expert in the Westerfield matter only making his work offered in some other case wholly irrelevant to the instant matter. Objection is further made to the extent this Request seeks documents protected from disclosure by the work product doctrine. Subject to and without waiving the foregoing objections, Dr. Elliott has not performed any "testing … relating to any other pelvic mesh case."

**Request No. 14**: All Documents related to any physical examination or treatment by You of the Plaintiff.

**Response to Request No. 14:**

Objection is made to the extent this Request seeks documents that is protected from disclosure by the work product doctrine. Subject to and without waiving this objection, Dr. Elliot has already produced his report which reflects his examination of the Plaintiff.

**Request No. 15**: Any and all Documents relating to or reflecting any communication involving You and any of the Plaintiff's health care providers.

**Response to Request No. 15:**

6

Dr. Elliott has no documents responsive to this request. Dr. Elliott has had no communications with any of Plaintiff's healthcare providers relating to this case.

**Request No. 16**: Any and all Documents relating to or reflecting any communication involving You and any of the Plaintiff's other experts, including but not limited to other experts' disclosures, reports, or deposition testimony that You have been provided.

**Response to Request No. 16:**

Objection is made because this Request seeks documents which are protected from disclosure by the work product doctrine. Objection is further made to the extent this Request seeks information about communications that do not relate to the instant case. Subject to and without waiving this objection, Dr. Elliot has not had any communications with any other of Plaintiff's experts relating to the instant case.

**Request No. 17**: Any and all Documents, records, literature and data or information of any kind reviewed or considered by or made available to You, whether You did or did not rely on such Documents, records, literature and data or information.

**Response to Request No. 17:**

Objection is further made because this Request seeks documents which are protected from disclosure by the work product doctrine. Subject to and without waiving the foregoing objections, Defendants are directed to Plaintiff's Rule 26 expert disclosures and Dr. Elliott's specific causation report in this matter. Dr. Elliott will also produce all documents relating to the instant case sent to him by Plaintiff's counsel in this matter.

**Request No. 18**: All literature, published or unpublished, consulted by You in connection with Your opinions in this case, including all literature that supports or fails to support Your opinions.

7

**Response to Request No. 18:**

      Dr. Elliott has already identified all literature reviewed and relied upon in forming his opinions in this case. Defendants are directed to Plaintiff's Rule 26 expert disclosures.

**Request No. 19**: All depositions, pleadings, court opinions, or other records that were summarized for You or otherwise made available for Your review in connection with Your expected testimony in this case or in any pelvic mesh case involving the Prolift, Prolift +M, Prosima, TVT, TVT-O and other Ethicon pelvic mesh products.

**Response to Request No. 19:**

      Objection is made because this Request seeks documents to which Defendants already have access and is harassing. Objection is made to this Request as it seeks irrelevant information and is unduly burdensome. Dr. Elliott is not offering an opinion about the Prolift, Prolift+, Prosima, TVT or TVT-O in this matter. The Request seeks information not only about cases other than the instant case, but it seeks information about products which weren't implanted in the Plaintiff in this case. Dr. Elliott is being deposed in his capacity as the specific causation expert in the Westerfield matter only and no depositions, pleadings or other records were summarized for or made available to Dr. Elliott in connection with his review of this matter with the exception of the Plaintiff's medical records which were provided to Dr. Elliott. Objection is further made to the extent this Request seeks documents protected from disclosure by the work product doctrine. Subject to and without waiving the foregoing objections, Dr. Elliott will produce a copy of all medical records sent to him in connection with his review of the instant matter. Those documents are already identified in his expert report.

**Request No. 20**: All photographs or other images, including photos of the Plaintiff or products, taken by or for You that relate to Your opinions in this case.

8

**Response to Request No. 20:**

Dr. Elliott has no photographs or images of the Plaintiff or the Prolene Mesh implanted in Plaintiff that relate to his opinions in this case other than what photographs or images that may appear in Plaintiff's medical records or Dr. Elliott's specific causation report.

**Request No. 21**: All graphics or charts prepared by You or at Your direction for use at deposition and/or trial in this case.

**Response to Request No. 21:**

Dr. Elliott has no graphics or charts prepared by him or at his direction for use at his deposition in this matter. Nor does he currently possess any to be used in the trial of this matter but if such are prepared for use at trial, they will be produced to the extent required by the Federal Rules and/or any pretrial orders in this case.

**Request No. 22**: Any Ethicon products in Your possession or Ethicon products belonging to You that You have placed in the possession of others.

**Response to Request No. 22:**

Objection is made to this Request as it seeks materials that are irrelevant to the specific causation opinions in this case. To the extent Dr. Elliott has any responsive "products" other than the Prolene mesh products implanted in the Plaintiff, Defendants request for these products are beyond the permissible scope of discovery, irrelevant and unduly burdensome. Dr. Elliott does not possess, nor has he ever possessed, any of the products implanted into Plaintiff.

**Request No. 23**: All Documents, including but not limited to protocols, interim results, reports of adverse events, informed consents, investigator brochures, final results, publications, materials and minutes for any study meeting, and communications with patients, health authorities,

9

sponsors, investigators, or institutional review boards, relating to any clinical trial and/or epidemiological study concerning pelvic mesh, pelvic organ prolapse, or stress urinary incontinence in which You participated in any capacity, such as an investigator, safety monitor, advisor, or study committee member.

**Response to Request No. 23:**

Objection is made to this Request as it seeks irrelevant information and is unduly burdensome in seeking documents that are not relevant in any way to Dr. Elliott's specific causation opinions in this matter. Studies involving Dr. Elliott that relate to any clinical trials or studies concerning pelvic mesh products are identified in Dr. Elliott's CV. To the extent, there is some specific study to which Defendants seek additional information, that will be taken under advisement as to production.

**Request No. 24**: All Documents or communications relating to any publications, proposed publications, or draft submissions for publication authored by You relating to pelvic mesh, pelvic organ prolapse, or stress urinary incontinence.

**Response to Request No. 24:**

Objection is further made because this Request seeks documents that are not relevant to the specific causation opinions in this case. Subject to and without waiving the foregoing objections, Defendants are directed to Plaintiff's Rule 26 expert disclosures which identify Dr. Elliott's publications. To the extent there are some specific studies which may be relevant to Dr. Elliott's opinions in this matter, that will be taken under advisement.

**Request No. 25**: All Documents relating to presentations or lectures given by You or to which You contributed relating to pelvic mesh products, pelvic organ prolapse, and/or stress urinary incontinence.

**Response to Request No. 25:**

Objection is made because this Request seeks documents that are not relevant to the specific causation opinions in this case. Subject to and without waiving the foregoing objections, Defendants are directed to Plaintiff's Rule 26 expert disclosures which identify Dr. Elliott's presentations and lectures relating to pelvic mesh products. To the extent there are some specific presentations or lectures Defendants feel are relevant to Dr. Elliott's opinions in this matter, that will be taken under advisement.

**Request No. 26**: All communications from or to You relating to any professional medical society with respect to pelvic mesh, pelvic mesh products, pelvic organ prolapse, stress urinary incontinence, position statements, studies, editorials, and/or publications.

**Response to Request No. 26:**

Objection is made because this Request seeks documents that are not relevant to the specific causation opinions in this case. Objection is further made to this Request as it is unduly burdensome. Dr. Elliott is being deposed in his capacity as the specific causation expert in the Westerfield matter. Communications relating to pelvic mesh products not implanted in the Plaintiff and/or unrelated to the Plaintiff are irrelevant.

**Request No. 27**: Copies of any letters, brochures, promotions, websites, or other Documents in which You advertise or discuss Your work or availability as an expert or consultant in litigation.

**Response to Request No. 27:**

Objection is made because this Request seeks documents that are not relevant to the specific causation opinions in this case, are harassing and unduly burdensome. Subject to and without waiving the foregoing objections, Dr. Elliott does not advertise work as a litigation expert or consultant.

**Request No. 28**:  Copies of the syllabus and texts used in any classes taught by You in the past five Years regarding mesh products.

**Response to Request No. 28:**

Objection is made because this Request seeks documents that are not relevant to the specific causation opinions in this case. Objection is further made to this Request as it is unduly burdensome. Dr. Elliott is being deposed in his capacity as the specific causation expert in the Westerfield matter. Syllabus and texts used in any classes taught by Dr. Elliott regarding mesh products are irrelevant.

**Request No. 29**:  All transcripts of prior testimony, statements or presentations given by You in any proceeding before the Food and Drug Administration, the Drug Enforcement Agency, the United States House of Representatives, Wall Street, Financial Analysis, national Pharmaceutical Association Meetings, and on local or national television.

**Response to Request No. 29:**

Objection is made because this Request seeks documents that are not relevant to the specific causation opinions in this case.

**Request No. 30**:  A copy of Your complete file in this case.

**Response to Request No. 30:**

Objection is made to this Request as it is vague, ambiguous and subject to varying interpretations. Objection is further made as this request seeks information beyond the permissible scope of discovery. Subject to and without waiving the foregoing objections, all documents reviewed and relied upon by Dr. Elliott in forming his opinions in this matter are identified in Plaintiff's Rule 26 disclosures.

**Request No. 31**:  Any communications between You and counsel for the Plaintiff, to the extent that such communications:

    a.    Relate to Your compensation;
    b.    Identify facts or data that You were provided and that You considered in forming Your opinions; or
    c.    Identify assumptions that Plaintiff's counsel provided You and that You relied on in forming Your opinions.

**Response to Request No. 31:**

Objection is made to this request as it seeks information beyond the permissible scope of discovery. Subject to and without waiving the foregoing objections, all documents provided to Dr. Elliott relating to this matter are identified in Plaintiff's Rule 26 disclosures. Dr. Elliott's invoices in this case will be produced at his deposition. Dr. Elliott has no documents responsive to subpart c as Plaintiff's counsel did not provide any assumptions for Dr. Elliott to rely upon in forming his opinions.

**Request No. 32**:  Any and all documents, including time sheets, time records, invoices, billing records, and payments (including outstanding time which has not been billed) that record or document that work performed, time spent, and all payments received by You in connection with any and all cases involving pelvic mesh products.

**Response to Request No. 32:**

Objection is made to the extent this Request seeks documents to which Defendants already have access. Objection is made to this Request as it seeks irrelevant information, is unduly burdensome and beyond the permissible scope of discovery. The Request seeks information not only about cases other than the instant case, but it seeks information about products which weren't implanted in the Plaintiff in this case. Dr. Elliott is being deposed in his capacity as the specific causation expert in the Westerfield matter only. Subject to and without

13

waiving the foregoing objection, Defendants will be provided with Dr. Elliott's invoices in this case.

**Request No. 33**: All Documents reflecting, for the five-year period before Your deposition, for all lawsuits or legal proceedings in any court or agency in which any plaintiff or other claimant alleged injury caused by any pelvic mesh product:

- a. The total number of hours You worked as an expert witness or litigation consultant.
- b. The hourly rate You charged or will charge those plaintiffs or claimants or the range of hourly rates if the rate varied over time or from one case to another.
- c. Any fee arrangements You have or had with any of those plaintiffs or claimants other than payment of an hourly fee.
- d. The total dollar amount You billed to all of those plaintiffs or claimants combined.
- e. The total dollar amount You were paid by all of those plaintiffs or claimants combined.
- f. The total dollar amount You have accrued but have not yet billed to all of those plaintiffs or claimants combined.
- g. The total dollar amount of additional fees You expect to receive in the future from all of those plaintiffs or claimants combined.

**Response to Request No. 33:**

Objection is made to the extent this Request seeks documents to which Defendants already have access. Objection is made to this Request as it seeks irrelevant information, is unduly burdensome and beyond the permissible scope of discovery. The Request seeks information not only about cases other than the instant case, but it seeks information about products which weren't implanted in the Plaintiff in this case. Dr. Elliott is being deposed in his capacity as the specific causation expert in the Westerfield matter only. Subject to and without waiving the foregoing objection, Defendants will be provided with Dr. Elliott's invoices in this case.

Dated: November 27, 2019          Respectfully submitted,


                                              /s/ Chris Cantrell
                                              Chris W. Cantrell (CA #290874)
                                              William J. Doyle II
                                              John A. Lowther
                                              DOYLE LOWTHER LLP
                                              4400 NE 77th Avenue, Suite 275
                                              Vancouver, WA 98662
                                              (360) 818-9320 phone
                                              (360) 450-3116 fax
                                              ccantrell@doylelowther.com
                                              bill@doylelowther.com
                                              john@doylelowther.com
                                              *Attorneys for Plaintiff*